UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRION LAFAYETTE,

    Petitioner,                                  Case No. 1:10-cv-951

v                                                HON. JANET T. NEFF

THOMAS BIRKETT,

    Respondent.
_____/

## OPINION

        This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Respondent's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons stated herein, the Court grants the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

        Respondent does not dispute the Magistrate Judge's determination that Petitioner is not entitled to habeas relief; instead, Respondent argues that the Magistrate Judge erred in using a de novo standard of review in her analysis of Petitioner's claims (Resp. Obj., Dkt 18 at 2; R & R, Dkt 17 at 6).

1

In the Report and Recommendation, the Magistrate Judge acknowledged that "when a federal claim has been presented to a state court and the state court has denied relief, 'it may be presumed that the state court adjudicated the claim on the merits'" (Dkt 17 at 5) (citing *Harrington v. Richter,* ___ U.S. ___ ; 131 S. Ct. 770, 784-85 (2011)).  The Magistrate Judge further stated that "[t]he presumption that the state court 'adjudicated [a] claim on the merits' may be overcome only 'when there is reason to think some other explanation for the state court's decision is more likely'" (*id.*). However, the Magistrate Judge determined that in this case, "while Petitioner presented his habeas claims to both the Michigan Court of Appeals and the Michigan Supreme Court, neither court accepted review of Petitioner's appeals.  Thus, neither court adjudicated the merits of Petitioner's claims" (*id.* at 6).  Therefore, the Magistrate Judge determined that she "must evaluate Petitioner's claims de novo as there is no state court decision or resolution to which this Court can defer" (*id.*).

In its objections to the R & R, Respondent points out that "[t]he Supreme Court and the Sixth Circuit [have] held that even in the absence of a detailed explanation, a summary order constitutes a merits-adjudication" entitled to deference from the Court (Dkt 18 at 4).  Respondent argues that here, where the Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented," the decision is a merits-adjudication entitled to deference and that the Magistrate Judge therefore erred in performing a de novo review of Petitioner's claims (*id.* at 5).

Respondent's argument has merit.  In *Harrington,* 131 S. Ct. at 785, the United States Supreme Court held that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  More recently, in *Nali v. Phillips,* 681 F.3d 837, 852 (6th Cir. 2012), petition for cert. filed, No. 12–5974 (U.S. Aug. 22, 2012), the Sixth

Circuit held that a § 2254 claim was "adjudicated on the merits in the state courts" when the Supreme Court of Michigan denied a petitioner's application for habeas relief "because it was not persuaded that the questions presented [by petitioner] should be reviewed." Based on the reasoning of *Harrington* and the recent application by the Sixth Circuit on the facts in *Nali*, the Court is persuaded that Respondent is correct that the Michigan Court of Appeals decision in this case should have likewise been considered a merits-adjudication entitled to greater deference from the Court. Therefore, the Court grants Respondent's objections.

Respondent's argument, while correct, does not require this Court to remand the matter to the Magistrate Judge to re-analyze the issues presented in the petition. The Sixth Circuit has instructed that "[u]nder AEDPA, a federal court may grant a writ of habeas corpus with respect to a 'claim that was adjudicated on the merits in State court proceedings' only if the state-court decision 'was contrary to, or involved an unreasonable application of, clearly established federal law'" or "'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Pinchon v. Myers*, 615 F.3d 631, 638-39 (6th Cir. 2010) (citing 28 U.S.C. § 2254(d)). "The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than de novo review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be 'given the benefit of the doubt.'" *Burger v. Prelesnik*, 826 F. Supp. 2d 997, 1007 (E.D. Mich. 2007) (quoting *Renico v. Lett*, ___ U.S.___; 130 S. Ct. 1855, 1862 (2010)). Because the Magistrate Judge applied the more rigorous de novo standard in recommending that Petitioner's writ of habeas corpus be denied, it is clear that the result in this case would not change using the "highly deferential" AEDPA standard to evaluate the state-court decision.

A Final Order will be entered consistent with this Opinion.


Date: November 8, 2012                             /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge